UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LUEVANO,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTLAW GROUP, et al.,<br><br>    Defendants. | Case No. 22-cv-06843-HSG<br><br>**ORDER OF TRANSFER TO WESTERN DISTRICT OF TEXAS** |

Plaintiff, an inmate housed at the Texas Department of Criminal Justice, Alfred D. Hughes Unit, in Gatesville, Texas, has filed this action against United States president Joe Biden, White House staff, the governor of Texas, the state of Texas, the Matthew Bender Company, the Nexis Lexis Group, and the Westlaw Group. Dkt. No. 4. Plaintiff indicates that he does not wish to bring an action pursuant to 42 U.S.C. § 1983, having crossed out the reference to Section 1983 on the former complaint. He states that the action is brought pursuant to the Combatant Review Status Tribunal; *Edwards v. Balisok*, 117 S.Ct. 1584 (1997); 28 U.S.C. § 2254; and "unprocess asylum (14010) deny pardon of Texas." Dkt. No. 4 at 1. Plaintiff's handwriting is hard to read and his allegations hard to follow. The Court discerns the following allegations. Plaintiff has been denied process, a pardon and good-time credits, from either President Biden, and/or White House staff, and/or Vice-President Harris, and/or D. Trump, and/or certain Department of Defense officials, and/or the Texas Governor. Plaintiff has not been provided certain services from Homeland Security and the Department of Defense. Plaintiff has been attacked. Military equipment and other devices from wires and google have been used against Plaintiff.

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Here, none of the events or omissions giving rise to Plaintiff's claim(s) occurred in the Northern District of California and none of the defendants reside in this district.  Plaintiff's allegations appear to concern events or omissions that occurred while he was housed at the Alfred D. Hughes Unit, which lies within the venue of the Western District of Texas.  *See* 28 U.S.C. § 124(d).  Venue therefore properly lies in the Western District of Texas.  *See id.* § 1391(b).

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Western District of Texas.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 12/16/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge